NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ARCHIE DIGGS,                          :
                                       :     Civil Action No. 07-3086 (JBS)
              Plaintiff,               :
                                       :
          v.                           :     **OPINION**
                                       :
JEFFREY ZUCKER, et al.,                :
                                       :
              Defendant.               :


**APPEARANCES:**

        ARCHIE DIGGS, Plaintiff Pro Se
        # 149525
        Atlantic County Justice Facility
        5060 Atlantic Avenue
        Mays Landing, New Jersey 08330

**SIMANDLE**, District Judge

        Plaintiff Archie Diggs, currently confined at the Atlantic

County Justice Facility in Mays Landing, New Jersey, seeks to

bring this action in forma pauperis pursuant to 42 U.S.C. § 1983,

alleging violations of his constitutional rights.  This matter

recently was re-opened by this Court by Order entered on August

10, 2007, after plaintiff submitted a complete in forma pauperis

application as directed.  Based on plaintiff's affidavit of

indigence and the absence of three qualifying dismissals within

28 U.S.C. § 1915(g), the Court will grant plaintiff's application

to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)

(1998), and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I.   BACKGROUND

The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff Archie Diggs ("Diggs") names Jeffrey Zucker, plaintiff's retained trial counsel in his state criminal trial proceedings, as a defendant in his Complaint.  Diggs alleges that he has paid Zucker $6,000 in fees and has received ineffective assistance of counsel.  Diggs generally asserts that Zucker's deficient representation resulted in plaintiff's conviction in state court by virtue of a plea agreement.

Diggs seeks to recover the money paid to counsel.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action

in which a prisoner is proceeding in forma pauperis or seeks
redress against a governmental employee or entity.  The Court is
required to identify cognizable claims and to sua sponte dismiss
any claim that is frivolous, malicious, fails to state a claim
upon which relief may be granted, or seeks monetary relief from a
defendant who is immune from such relief.  28 U.S.C. §§
1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United
States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must
"accept as true all of the allegations in the complaint and all
reasonable inferences that can be drawn therefrom, and view them
in the light most favorable to the plaintiff."  Morse v. Lower
Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court
need not, however, credit a pro se plaintiff's "bald assertions"
or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis
either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,
325 (1989) (interpreting the predecessor of § 1915(e)(2), the
former § 1915(d)).  The standard for evaluating whether a
complaint is "frivolous" is an objective one.  Deutsch v. United
States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the

United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.  ANALYSIS

Here, Diggs asserts a claim of ineffective assistance of counsel against his retained counsel, Jeffrey Zucker, Esq., who had represented Diggs in his recent state criminal proceedings. This defendant is not subject to liability under § 1983 because he is not a state actor.  A privately-retained counsel does not act under color of state law when representing client.  Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972).[1]

---

[1] Even if plaintiff's counsel had been appointed by the state court, liability under § 1983 would not lie.  See Polk Co. v. Dodson, 454 U.S. 312, 325 (1981) (a public defender performing

However, even if Diggs had pleaded facts establishing that Zucker was acting under color of state law, the allegations in the Complaint assert nothing more than a violation of plaintiff's right to effective assistance of counsel.  Such a claim must first be raised in plaintiff's ongoing state criminal case; a federal court generally will not intercede to consider issues that the plaintiff has an opportunity to raise before the state court.  See Younger v. Harris, 401 U.S. 37 (1971).

Moreover, to the extent that Diggs' state criminal trial is no longer pending, as it appears from the allegation in the Complaint that a plea agreement was entered, and Diggs has been convicted and sentenced on the state charges, any claim of ineffective assistance of counsel in this regard must first be exhausted via state court remedies, *i.e.*, by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application to assert any violations of federal constitutional or statutory law, namely, his claim of ineffective assistance of counsel.  Preiser v. Rodriguez, 411 U.S. 475 (1973).  Here, there is no indication that Diggs has been sentenced or that a judgment of conviction has been formally entered in his state court proceedings.  In the event that a

---

a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

6

judgment of conviction has been issued, it is obvious from the pleading that no direct appeal or any collateral review has been undertaken by plaintiff in state court.

Therefore, because defendant Zucker was not acting under color of state law when representing Diggs, and because any claim of ineffective assistance of counsel must be asserted under a federal habeas petition after Plaintiff has been convicted and exhausted his state court remedies, the Complaint asserting liability under § 1983 will be dismissed for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Finally, this Court finds that no diversity jurisdiction exists in this matter if plaintiff's claim was construed simply as a breach of contract or negligent representation claim under state law.  Diggs can bring such common law claims in federal district court pursuant to 28 U.S.C. § 1332(a), if the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states.  It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, *i.e.*, each plaintiff must be a citizen of a different state from each defendant.  Owen Equipment and Erection Co. V. Kroger, 437 U.S. 365 (1978).  In particular, if a sole plaintiff and any one of several defendants are

citizens of the same state, complete diversity is lacking and the action would have to be dismissed for lack of jurisdiction.  Id.

Here, there does not appear to be diversity of jurisdiction between the plaintiff and defendant.  Plaintiff is domiciled in New Jersey, but he does not provide the domicile or residence of defendant Zucker.  Diggs does allege that defendant's business address is located in Camden, New Jersey, which tends to suggest that defendant also may reside in the State of New Jersey. Moreover, plaintiff's claim does not exceed $75,000 in damages as required under § 1332(a), since Diggs seeks to recover only the $6,000 paid to Zucker as attorney's fees.  Therefore, because complete diversity appears to be lacking, the Court has no subject matter jurisdiction over any state law claim that may be construed from the Complaint against this defendant, pursuant to 28 U.S.C. § 1332(a).  Plaintiff may seek to reopen this case if he can show facts to support diversity jurisdiction.

V. CONCLUSION

Therefore, for the reasons expressed above, the Court will dismiss the Complaint without prejudice at this time for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  To the extent that plaintiff may be alleging state law claims only as against the

8

defendant, the Complaint is dismissed for lack of subject matter jurisdiction.  An appropriate Order follows.


                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE
                                        U.S. District Judge

Dated:     **September 5, 2007**